IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUTH E. PEARSON** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **LASALLE BANK, et al** | : | **NO. 08-2306** |

**Goldberg, J.**  June 9, 2009

## MEMORANDUM AND ORDER

Plaintiff, Ruth E. Pearson, has brought suit under the Fair Debt Collections Practices Act (hereinafter "FDCPA") against LaSalle Bank, EMC Mortgage Corporation (hereinafter "EMC"), Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), and the law firm Grenen & Birsic, P.C. and individual shareholders of Grenen & Birsic (hereinafter collectively referred to as "Grenen & Birsic"). Plaintiff alleges that the Defendants made false, misleading and deceptive representations in violation of the FDCPA in their commencement of a mortgage foreclosure action. Grenen & Birsic have filed a Motion to Dismiss, which, for the reasons set forth below, will be granted.

**I.  FACTS SET FORTH IN THE FDCPA COMPLAINT**

On July 23, 2004, Plaintiff entered into a mortgage agreement with MERS and Decision One

1

Mortgage Company.[1]  Thereafter, the mortgage was assigned to LaSalle Bank.  The complaint next alleges that:  "Defendant Grenen & Birsic was retained by Defendant EMC to collect from Plaintiff, on behalf of Defendant LaSalle, on the note and mortgage." (FDCPA Complaint, ¶ 11).  While somewhat vague, we understand this to mean that EMC was LaSalle's agent regarding the collection of this debt, and that EMC in turn hired Grenen & Birsic to initiate a collection suit.

On June 15, 2007, Grenen & Birsic filed a mortgage foreclosure action against Plaintiff in the Chester County Court of Common Pleas.  After Plaintiff objected to the original foreclosure complaint, Grenen & Birsic filed an amended foreclosure complaint on August 16, 2007. (For purposes of clarity, we will refer to the amended foreclosure complaint filed in Chester County as "the foreclosure complaint," while the complaint before this Court will be referred to as "the FDCPA Complaint").  The foreclosure complaint filed by Grenen & Birsic essentially forms the basis for Plaintiff's FDCPA claims.

According to Plaintiff, the foreclosure complaint contains numerous inaccuracies and misrepresentations as follows:  The foreclosure complaint incorrectly stated that Grenen & Birsic represented LaSalle when, in fact, they represented EMC; the foreclosure complaint listed EMC's address in place of  LaSalle's address; the foreclosure complaint was verified by an employee of EMC rather than an employee of  LaSalle;  the assignment attached  to the foreclosure complaint,

---

[1]Plaintiff's name when the mortgage agreement was executed was Ruth E. Lagle.  The agreement reflects that MERS was the mortgagee and Decision One Mortgage Company, LLC, who is not a party to this action, was the lender.  (FDCPA complaint, Exhibit 1).

2

which transferred the mortgage and note from MERS to LaSalle, was executed on July 18, 2007 by an employee of EMC, although the assignment identified the employee as working for MERS; the assignment was backdated to December 29, 2004; and the attached Act 91 Notice had been sent by EMC, which was not the mortgagee or lender.[2]  (FDCPA Complaint, ¶¶ 12, 15, 17-25, 27-30).

Plaintiff filed the FDCPA Complaint against LaSalle, EMC, MERS and Grenen & Birsic on April 21, 2008, in the Chester County Court of Common Pleas.  The FDCPA complaint alleges four counts: (1) violations of the Fair Debt Collection Practices Act; (2) violations of the Pennsylvania Fair Credit Extension Uniformity Act; (3) violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law; and (4) a claim for counsel fees under 42 Pa. C.S. § 2503(9).  On May 16, 2008, EMC removed the case to federal court.  Defendants MERS, EMC and LaSalle subsequently filed answers to the Complaint, and on October 9, 2008, Grenen & Birsic filed the Motion to Dismiss before the Court.

## II.  STANDARD OF REVIEW F.R.C.P. 12(b)(6)

When ruling on a motion to dismiss, a court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

---

[2] Pennsylvania has established the Homeowners' Emergency Mortgage Assistance Program which offers loans to residents in danger of losing their home to foreclosure to help them bring their delinquent payments current. The Notice of Homeowners' Emergency Mortgage Assistance or Act 91 Notice is generally required to be attached to a mortgage foreclosure action brought in Pennsylvania (though not in all circumstances) and provides the debtor information about the loan program and about the debt itself.  See 35 P.S. § 1680.401c, et seq.

3

**III. FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692, et seq.**

The FDCPA was intended to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The [FDCPA] provides a remedy for consumers who have been subjected to abusive, deceptive, or unfair debt collection practices by debt collectors." Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000). "Among the practices prohibited is the use of 'any false, deceptive or misleading representation or means in connection with the collection of any debt.'" Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1167 (3d Cir. 2000) (quoting 15 U.S.C. § 1692e). To determine whether or not a defendant's communications were false, deceptive or misleading, courts apply the "least sophisticated consumer" standard, which is intended to ensure that the FDCPA protects all consumers, the gullible and the shrewd. Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000).

Grenen & Birsic first argue that the cause of action against them under the FDCPA should be dismissed because any misrepresentations made by the other defendants should not be imputed to them. They also assert that the effect of these misrepresentations was de minimis.

A close reading of the Complaint reflects that there are allegations of misrepresentation levied directly against Grenen & Brisic. Indeed, the FDCPA Complaint states that the firm purported to represent LaSalle when they actually represent EMC. Further, in paragraph thirty-two (32) of the FDCPA Complaint, Plaintiff alleges "[a]t all times relevant hereto, in connection with the alleged note and mortgage, [Grenen & Birsic] were operating with their client or clients' full approval and authority and kept their client or clients fully informed of all actions." Viewing the FDCPA

Complaint in the light most favorable to Plaintiff, these claims tend to refute Grenen & Birsic's assertion that the allegations of fraud were levied against other defendants and are not imputable to them.

Moreover, precedent cited by Grenen & Birsic does not support their argument that allegations of misrepresentations should not be imputed to them.  The main case cited by Grenen & Birsic, Ahmed v. I.C. System, Inc., 2005 WL 3533111, *5 (W.D. Pa. Dec. 20, 2005), does not deal with a debt collector passing along incorrect information, but rather states that unlawful action by the creditor (in that case, improperly contacting a credit bureau) cannot be imputed to the debt collector.  The other case cited by Grenen & Birsic, Smith v. Transworld Systems, Inc., 953 F.2d 1025, 1032 (6th Cir. 1992), deals with the passing along of incorrect information, but in the context of a motion for summary judgment, not, as here, a motion to dismiss.  Thus, we will not dismiss the FDCPA claims because, as Grenen & Birsic suggest, any allegations of misrepresentation cannot be imputed to them.

In support of their de minimis argument, Grenen & Birsic primarily rely upon King v. Arrow Financial Servs., LLC, 2003 WL 21780973 (E.D. Pa. July 31, 2003) (Schiller, J.), which held that a defendant's misrepresentation was de minimis and not the basis for a viable claim under the FDCPA.  In King, the central evidence of deception was a letter sent to the debtor by the defendant stating, "our client is willing to settle your past due account . . ." Id. at *1.  Plaintiff argued that this statement was a misrepresentation, because it implied that the defendant was collecting the debt on behalf of a client, when in fact the defendant owned the debt.  In dismissing the plaintiff's claim under the FDCPA, the Court concluded that the incorrect use of the term "client" did not have any affect on the collection of the debt and that its effect on the least sophisticated consumer was de

5

minimis.  Id. at *4.

In the present case, the alleged misrepresentations in the foreclosure complaint attributed to Grenen & Birsic are also de minimis.  These misrepresentations include:

- Who Grenen & Birsic represented;
- That the address attributed to LaSalle was actually the address of EMC;
- That an employee of EMC verified the foreclosure complaint;
- That the Act 91 Notice was sent by EMC; and
- That the assignment attached to the foreclosure complaint was executed by an employee of EMC and backdated to December 29, 2004.

Read as a whole, these claims can be fairly characterized as background facts and information set forth in the foreclosure complaint.  Even when viewed in the light most favorable to Plaintiff, these allegations are de minimis and importantly do not implicate misrepresentations "in connection with the collection of [the] debt."  Whether Grenen & Birsic represented LaSalle or their agent (EMC), an incorrect address was stated for LaSalle, or whether the wrong person verified the foreclosure complaint, does not amount to abusive debt collection practices because such practices did not materially affect the collection of the debt.  Similarly, errors pertaining to which party sent the Act 91 Notice or whether the transfer of the mortgage from MERS to LaSalle was improperly signed by an employee of EMC were also not acts undertaken in the collection of the debt.  Although the foreclosure complaint notes a backdated assignment of the debt, there are no allegations in the FDCPA Complaint that such an assignment was false, deceptive or misleading, or that Plaintiff was disadvantaged in any way by the assignment.  In short, while there may have been some inaccuracies in the filing of the foreclosure complaint, none of these flaws reflect false or deceptive conduct

undertaken to collect the debt, especially considering that EMC was LaSalle's agent.

Further, while the FDCPA Complaint sets forth specific sections of the Act which allegedly were violated, Plaintiff has not pled any facts to support these violations. Specifically, the FDCPA Complaint alleges violations of Sections § 1692(e)(2), (5), (10), and (12) of the FDCPA. (FDCPA complaint, ¶ 40). Section 1692(e)(2) deals with false representations about specifics of the debt and compensation which may be received by a debt collector. Section 1692(e)(5) pertains to a threat to take any action that cannot be legally taken. The other two sections cited by Plaintiff, 1692(e)(10) and (12) cover deceptive means to collect a debt and making false representations about accounts. None of these recognized violations under § 1692 relate in any way to the deception alleged by Plaintiff, such as the incorrect address, assignment of mortgage and verification of the foreclosure complaint.

Lastly, in her response in opposition to the motion to dismiss, Plaintiff simply lists the alleged misrepresentations from the foreclosure complaint but fails to rebut the notion that these alleged misrepresentations were de minimis. Even when viewing the allegations in a light most favorable to Plaintiff, we are not persuaded that such allegations materially affected the collection of the debt. See also, Aronson v. Commercial Financial Services, 1997 WL 1038818 (E. D. Pa., Dec. 22, 1997); aff'd, 162 F.3d 1150 (3d Cir. 1998) (where debt collection agency incorrectly addressed letter as "Dear Customer," FDCPA did not apply as such error did not misrepresent the nature of the debt and was not a false, misleading or deceptive attempt to collect a debt). Therefore, Plaintiff's claim under the FDCPA against Grenen & Birsic will be dismissed.

**IV. FAIR CREDIT EXTENSION UNIFORMITY ACT ("FCEUA"), 73 P.S. § 2270.1, et seq.**

Grenen & Birsic next argue that Plaintiff's claim under the FCEUA is expressly excluded by

the Act itself.  The Act defines a "debt" as:

> An actual or alleged past due obligation . . . note . . .arising out of a single account as a result of a purchase, lease or loan of goods, services or real or personal property for personal, family or household purposes . . . <u>provided, however, that money which is owed or alleged to be owed as a result of a loan secured by a purchase money mortgage on real estate shall not be included within the definition of debt</u>. (emphasis added)

73 P.S. § 2270.3.  Grenen & Birsic claim that the underlying debt in this case was a purchase money mortgage excluded by the Act.

Attached to the FDCPA Complaint is a copy of the mortgage note dated July 23, 2004, listing the property at 420 College Avenue, West Chester.  The Motion to Dismiss contains a copy of the deed for the property at 420 College Avenue transferring it to Plaintiff on July 23, 2004.  Because the deed is a public record, it can properly be considered for the purposes of this Motion.  <u>See</u> <u>Amalgamated Bank v. Yost</u>, 2005 WL 226117, *3 (E.D. Pa. Jan. 31, 2005) (Yohn, J.).  Considering these two documents together, the underlying debt may be considered a purchase money mortgage, a conclusion that Plaintiff does not contest.  Rather, Plaintiff asserts that there are additional sources of debt that are not excluded under the FCEUA.  (Plaintiff's Resp., p. 6).  This argument fails, however, because the only "debt" actually alleged in Count II of the FDCPA complaint was the mortgage and note.  (FDCPA Complaint, ¶ 46).  As Plaintiff has not properly alleged a claim under the FCEUA, all allegations under Count II against Grenen & Birsic's Motion will also be dismissed.

**V. UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW ("UTPCPL"), 73 P.S. § 201-1, <u>et</u> <u>seq.</u>**

Grenen & Birsic also move for the dismissal of Count III, claiming, as they did in Count I, that the alleged misrepresentations should not be imputed to them and that the misrepresentations were de minimis.  While the allegations under the UTPCPL may in fact be de minimis, we find that

additionally, Plaintiff has failed to properly allege a violation of the UTPCPL.  "To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance."  Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 438 (Pa. 2004) (citing Weinberg v. Sun Co., 777 A.2d 442, 446 (Pa. 2001)); See also Hunt v. United States Tobacco Co., 538 F.3d 217, 225 (3d Cir. 2008) (holding that a plaintiff must allege justifiable reliance for all substantive subsections of the UTPCPL).  Here, the FDCPA Complaint fails to allege that Plaintiff relied upon and then suffered harm as a result of any misrepresentations by Grenen & Birsic.  Therefore, Plaintiff's claim under the UTPCPL will be dismissed.

**VI. COUNSEL FEES, 42 PA. C.S. § 2503(9)**

Grenen & Birsic lastly argue for the dismissal of Count IV claiming that Plaintiff has failed to allege any facts that the mortgage foreclosure action was conducted in bad faith.  While we generally agree with this argument, this claim can be dismissed on additional grounds.

The controlling statute, 42 Pa. C.S. § 2503, states:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
. . .
(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

Plaintiff alleges that Grenen & Birsic acted arbitrarily, vexatiously and in bad faith regarding the filing of the foreclosure complaint, but not in defending the case before this Court.  The Pennsylvania Superior Court has interpreted 42 Pa. C.S. § 2503 as applying to bad faith conduct relating to the institution of the suit or occurring after the commencement of the suit.  Cher-Rob, Inc. v. Art Monument Co., 594 A.2d 362, 364 (Pa. Super. 1991).  Thus, counsel fees under § 2503 are not

applicable to conduct occurring prior to the commencement of the present suit.  Here, the improper "conduct" alleged by Plaintiff occurred through the filing of the foreclosure complaint, which was well before the commencement of this action.  "Unless [a party] acted to delay or to obstruct justice during the pendency of this action, the award of counsel fees under § 2503 is inappropriate."  Rumbaugh v. Beck, 601 A.2d 319, 329 (Pa. Super. 1991).  As the claim for counsel fees is based on conduct during the mortgage foreclosure action, and not any behavior by the defendants in the current suit, counsel fees are inapplicable.

In any event, even reading the Complaint in a light most favorable to Plaintiff, the allegations contained therein do not establish conduct that was arbitrary, vexatious or undertaken in bad faith.

## VII.  CONCLUSION

For the foregoing reasons, this Court finds that Defendants Grenen & Birsic's Motion to Dismiss should be granted.  Our Order follows.